UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPLETE MEDICAL SALES, INC.,
d/b/a COMPLETE MEDICAL SERVICES, INC.,

    Plaintiff,

v.                                                  Case No. 20-11152

GENORAY AMERICA, INC.,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

Pending before the court is Defendant Genoray America, Inc.'s Motion to Transfer Venue. Plaintiff initially filed its complaint in Macomb County Circuit Court, alleging breach of contract, breach of express warranties, and unjust enrichment, as well as violations of the implied warranty of merchantability and the Michigan Consumer Protection Act. (ECF No. 1-1, PageID.20-29.) The claims stem from Plaintiff's purchase of medical equipment from Defendant to distribute to its own customers. (ECF No. 6, PageID.104.) Plaintiff seeks compensatory damages in excess of $1,000,000. (ECF No. 1, PageID.2; ECF No. 1-1, PageID.20-29.) Defendant removed the case to this court, invoking diversity jurisdiction, and now seeks to transfer the case to the Central District of California Southern Division pursuant to a forum selection clause contained in the parties' Distribution Agreement. (ECF No. 6, PageID.104.) Plaintiff opposes the motion, arguing that the provision on which Defendant relies does not amount to an enforceable forum selection clause. In the alternative, Plaintiff argues that even if the provision is a forum selection clause, the clause is nevertheless expired and unenforceable. (ECF No.

8, PageID.240.) The motion has been fully briefed, and the court concludes a hearing is unnecessary. *See* E.D. Mich. R. 7.1(f)(2). For the reasons stated below, the court will grant Defendant's motion and will transfer the case.

## I. BACKGROUND

Plaintiff, a medical sales company, is a Michigan corporation with its principal place of business in Romeo, Michigan. (ECF No. 1, PageID.1.) Defendant, a manufacturer and provider of surgical C-Arm medical diagnostic equipment, is a California corporation that maintains its principal place of business in Orange, California. (*Id.*)

In June 2013, Plaintiff and Defendant entered into a Letter of Intent under which the parties expressed their desire to enter into a sole distributorship agreement. (ECF No. 1-1, PageID.31.) Under the Letter of Intent, Defendant would provide the Zen 7000 C-Arm System, which is used by medical personnel to conduct digital x-ray imaging, and Plaintiff would be the sole distributor across all 50 states. (*Id.*) If Plaintiff did not meet its volume requirements, Defendant would be required to give Plaintiff ninety days to correct the problem. (*Id.* at PageID.35.) If Defendant created a new C-Arm product, Plaintiff would have the option to become the sole distributor of the product under the same arrangement. (*Id.* at PageID.34.) The initial term of the parties' exclusive distributorship arrangement was five years and would automatically renew in five-year increments if volume requirements were met. (*Id.* at PageID.35.)

On July 25, 2013, the parties entered into an Exclusive Distribution Agreement that expressly incorporated the terms and conditions of the Letter of Intent. (*Id.* at PageID.38.) Under the Distribution Agreement, Defendant agreed to provide all

requisite technical support to Plaintiff in the distribution of its products. (*Id.* at PageID.39.) Furthermore, the Distribution Agreement established the parties' obligations to each other, and provided that the agreement would be "governed, interpreted, construed, in accordance with the laws of the State of Michigan without regard to its conflict of law principles." (*Id.* at PageID.41.)

In addition to the Distribution Agreement, the parties signed a Dealer Policy. (*Id.* at PageID.50.) The Dealer Policy includes—among other things—prices, descriptions of products, provisions for tech and customer support, and also states "[a]ny case of dispute or legal cases will follow law of the state of California, specifically under jurisdiction of [Defendant's] office at Orange, CA or [Defendant's] Head Quarter's jurisdiction whichever [Defendant] chooses." (*Id.* at PageID.52.) This is the provision which Defendant claims amounts to a forum selection clause.

Shortly after signing the Distribution Agreement, Plaintiff claims it experienced problems with Defendant's product, service, delivery, and technical support. (*Id.* at PageID.13.) Moreover, when the Distribution Agreement was nearing the end of the initial five-year term, Plaintiff alleges that Defendant breached the automatic renewal obligation and attempted to limit the five-year extension to a one-year extension. (*Id.* at PageID.16.)

This suit followed, originally filed in the Macomb County Circuit Court on April 3, 2020. Plaintiff raises five claims: breach of contract, breach of express warranties, violation of the Michigan Consumer Protection Act,[1] unjust enrichment, and breach of

---

[1] Plaintiff voluntarily dismissed the Michigan Consumer Protection Act claim on June 30, 2020. (ECF No. 13, PageID.401.)

3

the implied warranty of merchantability. (ECF No. 1-1, PageID.20-29.) On May 6, 2020, Defendant removed the case to this court based on diversity of citizenship. (ECF No. 1, PageID.1.) Now, Defendant seeks to transfer this case to the United States District Court for the Central District of California pursuant to the purported forum selection clause contained in the Dealer Policy. (ECF No. 6, PageID.104.)

Defendant defends the forum selection clause in the Dealer Policy as valid, while Plaintiff argues that the term does not actually amount to a forum selection provision. In the alternative, Plaintiff argues that even if the term constitutes a forum selection clause, it is not enforceable because it expired after one year and is a boilerplate provision that conflicts with another negotiated contractual term: a choice of law provision. (ECF No. 8, PageID.240.)

## II.  STANDARD

Motions to transfer venue are governed by 28 U.S.C. § 1404(a). Pursuant to §1404, contracts containing enforceable forum selection clauses should be "given controlling weight in all but the most exceptional cases." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988). Federal law governs the enforceability of forum selection clauses. *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 827 (6th Cir. 2009). To determine whether a contract contains a mandatory forum selection clause, the court examines the plain language used to describe where the parties may litigate their claims; words such as "any," "all," "must," and "should," are indicative of a mandatory forum selection clause. *See General Electric Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1097 (6th Cir. 1994) (citing *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 2 (1972)) ("Because the clause states that 'all' disputes 'shall' be at Siempelkamp's principal place of

business, it selects German court jurisdiction exclusively and is mandatory."). A clearly written forum selection clause should be enforced according to its terms. *General Electric Co.*, 29 F.3d at 1099.

Next, if the court deems the language to constitute a valid forum selection clause, the court should evaluate its enforceability. In *Wong*, the Sixth Circuit articulated three factors for courts to consider in evaluating the enforceability of a forum selection clause: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong*, 589 F.3d at 828. The third factor in this analysis places a "heavy burden" on the party opposing the transfer. *Id.* at 830. "Mere inconvenience" alone does not rise to the level of injustice necessary to meet the third factor. *Id.* at 829.

"Commercial forum selection clauses between for-profit business entities are prima facie valid." *Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718, 721 (6th Cir. 2006). However, courts "may refuse to enforce even an unambiguous, bargained-for forum selection clause if a party can 'clearly show that enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *The Bremen,* 407 U.S. at 1916; *General Electric Co.*, 29 F.3d at 1099.

When a contract contains a valid and enforceable forum selection clause, a court's analysis for a motion to transfer under 28 U.S.C. § 1404(a) is guided by three principals. First, "the plaintiff's choice of forum merits no weight." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 63 (2013). The plaintiff bears the burden of

5

proving why the contractually selected forum should not hear the case. *Id.* Second, the court will not consider or weigh the parties' private interests; although, in certain situations, the court may consider public-interest arguments. *Id.* at 64. Third, the state law of the contractually selected forum governs the underlying claim, not the state law of the forum in which the plaintiff initially files. *Id.* at 65-66.

### III. DISCUSSION

The parties first dispute whether their agreement contains a forum selection clause. The contested clause appears in the parties' Dealer Policy and states that, "[a]ny case of dispute . . . will follow the Law of California, [s]pecifically under Jurisdiction of [Defendant's] office at Orange, California or [Defendant's] headquarters Jurisdiction whichever [Defendant] chooses." (ECF No. 1-1, PageID.52.) While the agreement contains conflicting provisions regarding choice of law, there is only one[2] provision referencing jurisdiction, which states that Orange, California is the proper jurisdiction for any dispute. (*Id.*)

Plaintiff argues that this provision is an invalid forum selection clause because the word "venue" does not appear, and "jurisdiction" is not synonymous with "venue." (ECF No. 8, PageID.252.) While the words are not synonymous, courts have enforced forum selection clauses containing language that does not reference the word "venue," including the Sixth Circuit in *Wong* in which the forum selection clause at issue stated that all disputes would be subject to the exclusive "jurisdiction" of the courts of Gibraltar.

---

[2] Plaintiff mistakenly argues there are conflicting forum selection clauses in the Distribution Agreement. (ECF No. 8, PageID.244.) While there may be conflicting *choice of law* provisions—one referencing Michigan law and another referencing California law—there is only one provision that mentions jurisdiction. (ECF No. 1-1, PageID.52.)

*See Wong*, 589 F.3d at 834; *see also The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 2 (1972) (enforcing a mandatory forum selection clause which stated that "any dispute arising must be treated before the London Court."); *Kipin Industries, Inc. v. Deilen Intern., Inc.*, 182 F.3d 490, 492 (6th Cir. 2006) (enforcing a forum selection clause which stated that "disputes 'shall be adjudicated by a court of competent jurisdiction sitting in the State of Michigan.'"); *General Electric Co.*, 29 F.3d at 1097 (enforcing a forum selection clause which stated that the "[p]lace of jurisdiction for all disputes arising in connection with the contract shall be at the principal place of business of the supplier.").

Here, the contested forum selection clause states that "any case of dispute . . . will follow . . . under Jurisdiction [sic] of [Defendant's] office at Orange." (ECF No. 1-1, PageID.52.) "Any case" suggests that the provision applies to all cases, and "*will* follow" implies a mandatory condition. *See The Bremen*, 407 U.S., at 1909; G*eneral Electric Co.*, 29 F.3d at 1097. Furthermore, the provision's identification of a precise locality—Orange, California—makes the forum selection clause even more specific than other clauses enforced by the Sixth Circuit which reference only a state as the designated forum. *See Kipin Industries*, 182 F.3d at 492.

Next, Plaintiff argues that even if Dealer Policy contains a valid forum selection clause, the clause cannot be enforced because it expired after one year. (ECF No. 8, PageID.242.) Specifically, Plaintiff cites a portion of the Dealership Agreement which states that:

> CMS agrees to continue Genoray's pricing policy consistent with those prices set forth in the Dealer Policy for a period of one year from Effective Date for Genoray's existing Product distributors. After one year, Genoray acknowledges and agrees that CMS shall not be bound by any of the terms and condition, or prices established by Genoray's distributor network.

7

(*Id.* at PageID.246 (quoting ECF No.1-1, PageID.40).) Plaintiff's argument is not persuasive.

The phrasing of this provision implies that the Dealer Policy is distinct from the provisions established by "Genoray's distributor network." (*Id.*) Had the parties intended for the entirety of the Dealer Policy to expire after one year, the court assumes that they would have specifically said so. *See Alpha Capital Mgmt. v. Rentenbach*, 792 N.W.2d 344, 359 (Mich. Ct. App. 2010) ("A contract must be interpreted according to its plain and ordinary meaning."); *Barner v. Lansing*, 183 N.W.2d 877, 878 (Mich. Ct. App. 1970) ("It is well established that an unambiguous contract is not subject to construction and must be enforced according to its terms."). This provision does not terminate the Dealer Policy in its entirety, rather it limits the pricing policy set force in the Dealer Policy to a term of one year. Plaintiff's claims tacitly rely on this interpretation.

In the complaint, Plaintiff alleges, among other violations, that Defendant breached the parties' "Dealership Agreement" by failing to provide appropriate "technical support", "warranty obligations", and "customer service." (ECF No. 1-1, PageID.21.) These obligations are specifically contained in the Dealer Policy, which also contains the forum selection clause. (ECF No. 1-1, PageID.51.) Under Plaintiff's logic, if the Dealer Policy expired after one year, then so too did the terms contained in the Dealer Policy which form the basis for some of Plaintiff's alleged breaches of contract. Plaintiff cannot have it both ways, relying on certain terms contained in the Dealer Policy in support of its claims while simultaneously arguing that another clause in the same Policy is no longer effective.

The Distribution Agreement specifically incorporates the Dealer Policy. (ECF No. 1-1, PageID.41); *see also International Ass'n of Machinists & Aerospace Workers v. ISP Chemicals, Inc.*, 261 F. App'x. 841, 848 (6th Cir. 2008) ("[I]ncorporation by reference is proper where the underlying contract makes clear reference to a separate document, the identity of the separate document may be ascertained, and incorporation of the document will not result in surprise or hardship."). The expiration of certain pricing terms in the Dealer Policy does not terminate the Dealer Policy as a whole. Here, the terms of the incorporated Dealer Policy, on which Plaintiff relies in support of its claims, remain in effect as does the forum selection clause contained in that same document.

Plaintiff bears the burden of proving why the contractually selected forum should not hear the case. *Atl. Marine Constr. Co.*, 571 U.S. at 63. Plaintiff fails to carry this burden. As explained above, the Distribution Agreement contains, through incorporation of the Dealer Policy, a valid forum selection clause that remains effective. Plaintiff contends that the clause should not be enforced because it is "boilerplate," but this argument is not persuasive because "[c]ommercial forum selection clauses between for-profit business entities are prima facie valid." *Preferred Capital, Inc.*, 453 F.3d at 721; (ECF No. 8, PageID.255.)

Finally, Plaintiff does not argue that any of the factors outlined in *Wong* impact the enforceability of the forum selection clause, nor does Plaintiff argue that litigating the claims in California would create a "serious inconvenience" for the parties such that transfer should be denied. *Wong*, 589 F.3d at 827; *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 594 (1991). Plaintiff has not met its burden of articulating any "exceptional" reason for why the forum selection clause should not be enforced. *Stewart Org., Inc.*,

487 U.S. at 33. Accordingly, the court must give controlling weight to the forum selection clause incorporated into the parties' Distribution Agreement and transfer the case.

## IV. CONCLUSION

For the reasons stated above, the court concludes that the Dealer Policy contains a valid and enforceable forum selection clause. The language in the provision is specific ("any case" and "will follow") and similarly worded provisions have been upheld by the Sixth Circuit. Additionally, the provision has not expired, and Plaintiff has not provided an exceptional reason why the forum selection clause should not be enforced. Accordingly,

IT IS ORDERED that Defendant's Motion to Transfer Venue to the Central District of California Southern Division (ECF No. 6) is GRANTED.

                                              s/Robert H. Cleland           /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 17, 2020, by electronic and/or ordinary mail.

                                              s/Lisa Wagner              /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\20-11152.COMPLETEMEDICAL.motion.to.transfer.venue.BK.HEK.2.docx