UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPLETE MEDICAL SALES, INC.,
d/b/a COMPLETE MEDICAL SERVICES, INC.,

    Plaintiff,

v.                                           Case No. 20-11152

GENORAY AMERICA, INC.,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On July 16, 2020, the court entered an opinion and order granting Defendant Genoray America's motion to transfer this case to the Central District of California. Currently before the court is a motion for reconsideration of that opinion filed by Plaintiff Complete Medical Sales. The court does not hold hearings on motions for reconsideration. *See* E.D. Mich. LR 7.1(h)(2). For the reasons explained below, the court will deny the motion.

To prevail on a motion for reconsideration, a party "must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3); *see also Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues

ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015) (Steeh, J.).

Plaintiff lodges two specific complaints with the court's order. First, Plaintiff contends that the court erred by omitting language from the portion of the Dealer Policy it interpreted as a venue provision. Plaintiff asserts that this omission changed the structure of the clause and repeats its earlier argument that the contested provision constitutes a choice of law provision rather than a forum selection clause. (ECF No. 18, PageID.469.) Plaintiff is correct that the court used ellipsis while quoting the provision in its discussion section; however, the court also quoted the entirety of the provision earlier in its order. (ECF No. 17, PageID.456.) Though the court shortened the quotation for ease of readability in its discussion section, the court analyzed the provision in its entirety, which reads: "[a]ny case of [sic] dispute or legal cases will follow law of [sic] the state of California, specifically under jurisdiction [sic] of [Defendant's] office at Orange, CA or [Defendant's] Head Quarter's jurisdiction whichever [Defendant] chooses." (ECF No. 1-1, PageID.52.) For the same reasons articulated in its order—Plaintiff's present arguments notwithstanding—the court interprets this provision as a forum selection clause.

Second, Plaintiff contends that the court was misled by statements in Defendant's reply to believe that the Dealer Policy remains in effect. Plaintiff presents an alternative reading for the contractual provision on which it relies in support of this argument, but the court already rejected this argument and interpretation. As the court explained in its order, had the parties intended for the entirety of the Dealer Policy to

2

expire after one year, the court assumes they would have specifically stated this intention; they did not. (ECF No. 17, PageID.461.) In dicta, the court explained that Plaintiff's claims appeared to arise under the Dealer Policy; on this point, Plaintiff asserts that the court was misled by Defendant's statements in its reply. (ECF No. 18, PageID.474–75.) But even if the court were to agree with Plaintiff, such agreement would not change the court's determination that the Dealer Policy contained a forum selection clause and remained in effect even after the expiration of other contractual terms. That is, even if it were a palpable defect that the court was somehow misled by statements in Defendant's reply, Plaintiff has nonetheless failed to show how correcting that defect would change the court's decision that the forum selection clause required transfer. Under Rule 7.1(h)(3), Plaintiff "must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." Plaintiff has not done so here, and reconsideration is therefore not appropriate. *See* E.D. Mich. LR 7.1(h)(3); *Indah*, 661 F.3d at 924. Accordingly,

IT IS ORDERED that Plaintiff's motion for reconsideration (ECF No. 18) is DENIED.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 13, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Civil\20-11152.COMPLETE.MEDICAL.motion.for.reconsideration.HEK.docx